Nov. Term, 1851.

REDMAN
v.
TAYLOR.

---

## REDMAN *v.* TAYLOR.

Trespass *quare clausum fregit.* Pleas—1. The general issue; 2. *Liberum tenementum;* 3 and 4. Leave and license for a special purpose; 5. Leave and license generally. Replication to the second plea, *De injuria;* to the third and fourth, That the defendant committed unnecessary damage; to the fifth, *De injuria.* Rejoinder to replication to third and fourth pleas, that the defendant committed no unnecessary damage, &c. Verdict for the plaintiff on the issue raised by the third and fourth pleas, and for the defendant on that raised by the fifth plea. Judgment for the defendant. *Held,* that the judgment was right.

The plaintiff will not be allowed, after verdict, to amend his replication, or to file an additional one.

Tuesday, December 2.

APPEAL from the *Tippecanoe* Court of Common Pleas. PERKINS, J.—*Peter Redman* brought an action of trespass against *James Taylor*, complaining that said defendant, on, &c., at, &c., with his servants, with force and arms, entered upon the premises of said plaintiff and

broke down, trod under foot, and damaged, a large quantity of corn, &c., of the value, &c., to his damage, &c.

The defendant pleaded—1. The general issue; 2. *Liberum tenementum;* 3 and 4. That he entered for the purpose of seeding the premises with wheat, and with the leave and license of the plaintiff for that purpose, and that he did no unnecessary damage, &c.; 5. Leave and license generally.

Replication to the second plea, *de injuria;* to the third and fourth, that the defendant committed unnecessary damage; and to the fifth, *de injuria.*

Rejoinder to the replication to the third and fourth pleas, that the defendant did not do unnecessary damage, &c.

Issues were duly joined, and tried by a jury, who found for the plaintiff upon the issue on the rejoinder to the replication to the third and fourth pleas, and assessed his damages at 6 dollars and 37½ cents; and for the defendant upon the issue on the replication to the fifth plea.

The *Court rendered* final judgment for the defendant.

The fifth plea was more comprehensive than the third and fourth, and was a bar to the whole action. It was found for the defendant, and the final judgment in his favor was, therefore, right, irrespective of all the other issues in the cause.

There might, perhaps, be a case where the finding of the jury upon different issues in it would be so repugnant as to render such finding void, and require it to be set aside for that cause; but this is not such a one.

After the verdict was returned by the jury, the plaintiff asked leave to amend his replication to the fifth plea, making it deny the general leave and license, assert a special one, and charge unnecessary damage; but the Court refused the leave.

This ruling of the Court was in accordance with a late decision of this Court in the case of *Seivers* v. *McCall,* 1 Carter's Ind. R. 393.

Nov. Term, 1851.

REDMAN
v.
TAYLOR.

*Per Curiam.*—The judgment is affirmed with costs.

D. *Mace* and *W. C. Wilson,* for the plaintiff.

R. *C. Gregory* and *R. Jones,* for the defendant.